After a jury trial, the juvenile was found delinquent on charges of witness intimidation, see G. L. c. 268, § 13B, and assault and battery causing serious bodily injury, see G. L. c. 265, § 13A(b )(i). During trial, he moved for a required finding of not delinquent on both charges, claiming that the evidence was insufficient, and he presses that claim in this appeal. We affirm.
We discern no merit in the juvenile's argument that there was insufficient evidence to prove that he intended to interfere with a witness in a criminal proceeding. Under the witness intimidation statute, the Commonwealth was required to prove beyond a reasonable doubt that the juvenile "directly or indirectly, willfully (a ) threaten[ed], or attempt[ed] or cause[d] physical injury, emotional injury, [or] economic injury ... to; ... [or] (c ) ... intimidate[d] or harasse[d] another person who is: (i) a witness or potential witness at any stage of a ... criminal proceeding of any type." G. L. c. 268, § 13B, as appearing in St. 2006, c. 48, § 3.[2]
Here, the victim was a witness in a pending criminal proceeding against an individual, Henry Doe, who played football and associated with the juvenile. On August 20, 2015, Doe shot the victim nineteen times with a BB gun. Six days later, on August 26, 2015, the juvenile approached the victim and asked why he "snitch[ed]" on "this person." The victim testified that the "person" to whom the juvenile was referring was Doe. The victim proceeded to tell the juvenile that he did not snitch, but the juvenile "kept thinking [the victim] was lying" and began hitting the victim multiple times. Based on this evidence, the jury could have found beyond a reasonable doubt that the juvenile intended to intimidate the victim or dissuade him from testifying as a witness in the pending criminal case against the juvenile's football teammate and associate.
Likewise, there was sufficient evidence to establish delinquency on the charge of assault and battery causing "serious bodily injury," defined by the statute as "bodily injury that results in a permanent disfigurement, loss or impairment of a bodily function, limb or organ, or a substantial risk of death." G. L. c. 265, § 13A(c ), as appearing in St. 2002, c. 35, § 1. An impairment of a bodily function need not be permanent to qualify as a "serious bodily injury." See Commonwealth v. Jean-Pierre, 65 Mass. App. Ct. 162, 163-167 (2005).
At the hospital, the victim was diagnosed with blunt head trauma, a laceration to the left corner of his lip requiring stitches, a laceration of his spleen requiring limitations of his activities to prevent risk of further bleeding, and a kidney contusion. As a result of his lacerated spleen, the victim's discharge orders required him to refrain from normal activities for three weeks, including no contact sports, bike riding, or lifting anything heavier than text books; he was also required to leave classes early so he would not be jostled by other students in the school corridors. In addition, the laceration to the corner of the victim's lip was closed with stitches. Before being discharged, the victim experienced a reduced appetite and discomfort when chewing. His discharge documentation reflected limitations on his diet.[3] From these facts, the jury reasonably could have inferred that the laceration of the victim's spleen impaired his ability to engage in normal life activities, and that the cut on the corner of the victim's lip impaired his ability to chew and eat food normally.[4] The evidence was sufficient to sustain the adjudications.
Adjudications of delinquency affirmed.

The statute also includes a specific intent element, requiring the Commonwealth to establish the juvenile's actions were done "with the intent to impede, obstruct, delay, harm, punish or otherwise interfere thereby with a ... criminal proceeding." G. L. c. 268, § 13B, as amended by St. 2010, c. 256, § 120.

The notes at the time of discharge included the following comment: "fluids encouraged with sm. amounts of solids tol. well."

We have held that dietary limitations resulting from injury sustained in a battery satisfy the requirement of "serious bodily injury" for purposes of the statute. See Commonwealth v. Jean-Pierre, supra at 162, 167. Although the injuries in that case were more severe, the underlying fact of impairment of a bodily function remains.